### HANLEY v. BUNGE.

### No. 7005.

District Court, E. D. New York.

Oct. 13, 1938.

William N. Tobin, of New York City, for defendant (for motion).

Michael S. McPhillips, of Jackson Heights, for plaintiff (opposed).

Martin H. Young, of New York City, for Morton Frederick, alleged trustee (opposed).

Morton Frederick, of New York City, for Sadie Zenn.

BYERS, District Judge.

The defendant seeks, by this motion, to obtain an order cancelling and discharging a judgment for $1,672.78 procured in this court against her on March 31, 1936, by the plaintiff as receiver of the Elmhurst National Bank. The suit was brought to recover a statutory assessment based upon the defendant's ownership of stock in the bank.

On April 27, 1936, the defendant became a voluntary bankrupt in this court, listing the said judgment in her schedules, which also asserted that she had no property.

A proof of claim was filed by the receiver in that proceeding.

Thereafter and on July 10, 1936, the defendant was duly discharged as a bankrupt.

Subsequently it seems that the receiver sold the judgment at public sale, and the purchaser, as assignee, appeared in the bankruptcy proceeding and procured it to be reopened, upon the theory that in November of 1933 the bankrupt had transferred property in fraud of creditors and thereby accomplished her own insolvency. A trustee has been appointed and a suit instituted by him to avoid the transfer is on the calendar of this court awaiting trial.

The motion is made pursuant to Section 150 of the Debtor and Creditor Law of the State of New York, Consol.Laws, c. 12, having to do with the cancelation and discharge of State court judgments affected by a discharge in bankruptcy of the judgment debtor.

It is thought that the statute does not govern the practice in a federal court, in dealing with one of its own judgments; the same necessity does not exist for effectuat-

ing, in the court in which a judgment has been docketed, that which has been accomplished in another court as the result of a bankruptcy proceeding.

■ However, in the interest of correlating the records of this court sitting in bankruptcy, to those made in the civil part, for the information of those searching the latter, it is deemed wise to adopt the practice of directing the clerk to make an entry in the docket of the judgment, substantially to this effect: "Judgment debtor discharged in bankruptcy, on ——————. See Bankruptcy File No. ——."

(Insert date)

■ If the judgment in this court had been listed in the schedules of the judgment debtor in bankruptcy proceedings in another district, a certificate of the clerk of that court, stating the facts as to the inclusion of the judgment in the schedules, the filing of a proof of claim based upon it, and the discharge including the date thereof, would form a necessary part of a petition for an order directing the clerk of this court to make the appropriate docket entry in connection with the judgment. Such a motion should be upon notice to the judgment creditor.

Since the present motion involves only the records of this court, the foregoing paragraph is included only for such guidance as it may suggest in cases such as are discussed.

Motion granted to the extent indicated.

Settle order.